UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 14-133S |
| | : | |
| LOUIS GIRAITIS | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant's Motion to Dismiss the Indictment in this case. (Document No. 34). The Government opposes the Motion. (Document No. 35). A hearing was held on June 5, 2015.

On April 1, 2015, the Grand Jury returned a one-count Superseding Indictment charging Defendant with violating 18 U.S.C. § 930(e)(1). (Document No. 30). In particular, the Indictment charges that "[o]n or about December 31, 2013, in the District of Rhode Island, the Defendant Louis M. Giraitis, did knowingly possess or cause to be present a dangerous weapon, to wit: a .32 caliber Harrington & Richardson handgun, Serial Number 8191, in a Federal court facility." Id. Section 930(e)(1), 18 U.S.C., provides that:

> Except as provided in paragraph (2),[1] whoever knowingly possesses or causes to be present a firearm or other dangerous weapon in a Federal court facility, or attempts to do so, shall be fined under this title, imprisoned not more than two years, or both.

**Discussion**

Defendant moves for dismissal "on the grounds that the Indictment charges a crime pursuant to a statute which was enacted in contravention of the protections encompassed in the Second

---

[1] Paragraph 2 generally excepts possession by authorized governmental officers and officials if such possession is otherwise authorized by law. 18 U.S.C. § 930(d).

Amendment to the United States Constitution." (Document No. 34 at p. 1). The Second Amendment declares that "[a] well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed." The Government counters that Section 930(e)(1), 18 U.S.C., passes constitutional muster because it is narrowly tailored to meet the compelling interest of securing courthouse safety by prohibiting the possession of firearms within a Federal court facility upon proper notice.[2] (Document No. 35-1 at p. 7).

Defendant primarily relies upon the U.S. Supreme Court's decision in Dist. of Columbia v. Heller, 554 U.S. 570 (2008). "Courts have consistently recognized that Heller established that the possession of operative firearms for use in defense of the home constitutes the core of the Second Amendment." Hightower v. City of Boston, 693 F.3d 61, 72 (1st Cir. 2012). However, the First Circuit has recently recognized that the Supreme Court in Heller "did not say, and to date has not said, that publicly carrying a firearm unconnected to defense of hearth and home and unconnected to militia service is a definitive right of private citizens protected under the Second Amendment." Powell v. Tompkins, 783 F.3d 332, 348 (1st Cir. 2015) (emphasis in original). In fact, in Heller, the Supreme Court affirmed that the right secured by the Second Amendment was "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." 554 U.S. at 626. It also made clear that "nothing in [the Heller] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings...." Id. If a statute burdens conduct protected by the Second Amendment, the Court must determine and apply the appropriate level of scrutiny. See Jackson v. City and Cnty. of San Francisco, 746 F.3d

---

[2] The statute requires that notice of subsection (e) shall be posted conspicuously at each public entrance to each Federal court facility. 18 U.S.C. § 930(h).

953, 960-961 (9th Cir. 2014), cert. denied, 2015 WL 3537821 (U.S. June 8, 2015); and Powell, 783 F.3d at 347 n.9.

Here, the parties dispute whether or not Section 930(e)(1) burdens core conduct protected by the Second Amendment. In addition, even assuming it does, the parties dispute the appropriate level of constitutional scrutiny, i.e., whether it should be intermediate or strict. However, this Court need not enter that thicket of unanswered constitutional questions since Defendant's challenge fails even under a strict scrutiny analysis. See Hightower, 693 F.3d at 74. A challenged statute survives strict scrutiny if it furthers a compelling interest and is narrowly tailored to achieve that interest. Citizens United v. F.E.C., 558 U.S. 310, 340 (2010).

Defendant concedes that courthouse safety and security is a compelling interest but argues that the total ban contained in Section 930(e)(1) is not narrowly tailored to achieve that interest. After careful consideration of the challenged statute, applicable Second Amendment precedent and the parties' arguments, I conclude that Section 930(e)(1) is narrowly tailored to achieve the compelling interest of courthouse safety and security. First, the prohibition in Section 930(e)(1) narrowly applies only to possession within a Federal court facility. A Federal court facility is a governmental building where the public has a right to attend and observe courtroom proceedings and into which individuals may be compelled to appear as litigants, witnesses, jurors, etc.[3] It is undisputable that the members of the public coming to the courthouse and those who work in the courthouse are entitled to a safe and secure environment, and that Section 930(e)(1) narrowly furthers that compelling governmental interest. See Heller 554 U.S. at 626 (describing government buildings as "sensitive places" where firearm possession has historically been regulated). Second,

---

[3] Such courthouse activity has constitutional underpinnings. For instance, the Sixth Amendment guarantees the right to a "public trial" in all criminal prosecutions and the Seventh Amendment preserves the "right of trial by jury."

the statute criminalizes only knowing possession and mandates that notice of its requirements be posted conspicuously at each public entrance to each Federal court facility. See 18 U.S.C. § 930(h) (emphasis added). Finally, the statute is not limited to firearms and applies to dangerous weapons generally in direct furtherance of the interest in maintaining courthouse safety and security.

**Conclusion**

For the foregoing reasons I recommend that Defendant's Motion to Dismiss the Indictment in this case (Document No. 34) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 16, 2015